IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-HC-2193-FL

| | | |
|---|---|---|
| SHARAY FOWLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LYNNE B. KELLY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for summary judgment (DE 8) pursuant to Federal Rule of Civil Procedure 56(a). Petitioner did not respond to the motion and in this posture the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Petitioner, a federal inmate proceeding pro se, commenced this action by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 23, 2022. Petitioner challenges the Federal Bureau of Prisons' ("FBOP") calculation of his release date and denial of prior custody credit.

Respondent moves for summary judgment, arguing that petitioner's release date is accurate. In support, respondent relies on memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) declaration of Deborah Colston, a correctional programs specialist at the FBOP's designation and sentence computation center; 2) judicial records from petitioner's state criminal proceeding; 3) judicial records from petitioner's federal criminal proceedings; 4) United States Marshals Service's prisoner tracking forms for petitioner; 5) FBOP

sentence computation data; 6) excerpts from FBOP program statement addressing sentence computation; and 7) petitioner's administrative remedy records. The court provided petitioner notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). As noted above, petitioner did not respond to the motion.

## STATEMENT OF FACTS

The relevant facts are not disputed. Between August 21, 2015 and July 16, 2016, petitioner was arrested for 10 separate state criminal offenses. (Resp't Stmt. (DE 10) ¶¶ 1–5). During this period, petitioner was in custody as a pretrial detainee from October 7, 2015 though November 10, 2015, but he was otherwise released on bond. (Id.). On July 16, 2016, state authorities arrested petitioner for violating bond conditions and he was detained in state custody. (Id. ¶ 5).

On November 1, 2016, petitioner was indicted on federal firearm offenses in the United States District Court for the District of South Carolina. (Id. ¶ 6); see United States v. Fowler, No. 3:16-CR-831-TLW-1 (D.S.C. Nov. 1, 2016). On November 15, 2016, federal authorities arrested petitioner while he was in state custody, and transferred him to temporary custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum. (Id. ¶ 9).

On September 20, 2017, the state court sentenced petitioner in absentia to time served, with credit for 15 months' pretrial detention, for two grand larceny convictions and one burglary conviction. (Id. ¶ 10). The following day, the federal sentencing court sentenced petitioner to 100 months' imprisonment for possession of a firearm by a convicted felon. (Id. ¶ 11); United States v. Fowler, No. 3:16-CR-831-TLW-1 (D.S.C. Sept. 21, 2017). After federal sentencing, petitioner was returned to primary state custody. (Resp't Stmt. (DE 10) ¶ 12). On November 21,

2

2017, petitioner completed the state sentence and he was returned to federal custody for service of the federal sentence. (Id. ¶ 13).

Upon his return to federal custody, petitioner raised concerns with the FBOP's calculation of his release date. (Pet. Ex. A (DE 1-2) at 1). As a result, the FBOP contacted officials with the South Carolina Department of Corrections to clarify petitioner's "time served" sentence imposed on September 20, 2017. (Resp't Stmt. (DE 10) ¶ 17). Ultimately, the FBOP determined that the South Carolina sentence was satisfied by petitioner's pretrial detention between June 27, 2016 and March 30, 2017. (Id.). The FBOP therefore updated petitioner's prior custody credit to reflect that the time period between March 31, 2017 to November 20, 2017 was pretrial detention time related to the federal offense. (Id. ¶¶ 17–18). In addition, the FBOP also awarded prior custody credit for the time period October 7, 2015 through November 10, 2015, where petitioner was in pretrial detention for related offenses and that time was not credited to the state sentence. (Id. ¶¶ 16, 19). Petitioner therefore received 270 days of prior custody credit toward the release date for his federal offense. (Id. ¶ 24).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of

3

material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the FBOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As noted above, petitioner challenges the FBOP's calculation of his prior custody credit and the resulting release date. In order to assess whether petitioner is entitled to prior custody credit, the court must determine: 1) the date on which the federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

A federal sentence typically commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Thus, a federal sentence cannot commence prior to the date it is imposed. See United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018). Here, the

4

FBOP correctly determined that petitioner's sentence commenced on November 21, 2017, where that is the date he was received in custody to commence service of his federal sentence. (Resp't Stmt. (DE 10) ¶¶ 13–15); 18 U.S.C. § 3585(a). Petitioner does not challenge this aspect of the FBOP's calculation. (See Pet. (DE 1-1)).

Turning to the issue of prior custody credit, 18 U.S.C. § 3585(b) provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Thus, the FBOP is precluded from awarding prior custody credit if the time has "been credited against another sentence." 18 U.S.C. § 3585(b); see Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive double credit for his detention time."). Here, the FBOP awarded 270 days of prior custody credit under § 3585(b) because that time was not credited to the federal sentence and that time period otherwise satisfied the statutory conditions. (Resp't Stmt. (DE 10) ¶¶ 16–24).

Petitioner argues the FBOP should have awarded him prior custody credit for the 14 months he served between June 2016 and March 2017. (Pet. (DE 1-1)). That time cannot be credited to the federal sentence, however, because it was credited to petitioner's state sentence. (Resp't Stmt. (DE 10) ¶ 20); 18 U.S.C. § 3585(b). The fact that petitioner was in temporary federal custody pursuant to a writ of habeas corpus ad prosequendum for most of that time does not change this analysis. South Carolina retained primary jurisdiction during petitioner's transfer

5

Case 5:22-hc-02193-FL   Document 13   Filed 03/21/24   Page 5 of 6

for the federal criminal proceedings, and it properly counted that time against petitioner's state sentence. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

To the extent petitioner argues that the relevant state sentence was only one month, and not "time served with credit for 15 months" as reflected in the record, (see Resp't Stmt. (DE 10) ¶ 10), he fails to provide any competent evidence supporting that bald assertion. See Fed. R. Civ. P. 56(c)(1) (discussing the evidentiary materials required to create a genuine dispute of fact); Celotex, 477 U.S. at 324. Finally, the fact that the state convictions were related to the federal charges or used to enhance petitioner's federal sentence is not relevant to the analysis of prior custody credit. As set forth above, where the time was credited to a state sentence, it cannot be credited to the federal sentence regardless of how the state convictions were used during the federal proceedings. See 18 U.S.C. § 3585(b).

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 8) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of March, 2024.

                                                                         LOUISE W. FLANAGAN
                                                                         United States District Judge